**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| IN RE: ) | CASE NO.: 15-21045 (AMN) |
| ) | CHAPTER 7 |
| HOLMES & BAHRE PAINT & BODY, INC. ) | |
| F/K/A HOLMES & BAHRE PAINT & BODY ) | |
| ENGINEERING, INC. ) | |
| *Debtor.* ) | |
| ) | |
| ) | |
| JOHN J. O'NEIL, JR., CHAPTER 7 TRUSTEE ) | ADV. PRO. NO.: 16-2023 (AMN) |
| FOR THE ESTATE OF HOLMES & BAHRE ) | |
| PAINT & BODY, INC. F/K/A HOLMES & ) | |
| BAHRE PAINT & BODY ENGINEERING, INC. ) | |
| *Plaintiff*, ) | |
| v. ) | |
| ) | |
| BRYAN R. BAHRE ) | |
| *Defendant.* ) | |
| ) | Re: ECF No. 8 |

**ORDER AND RULING ON MOTION FOR DEFAULT JUDGMENT**

Before the court is a motion for judgment after default by the chapter 7 trustee, John J. O'Neil (the "Trustee"), of the bankruptcy estate of Holmes & Bahre Paint & Body, Inc. (the "Debtor"), in this adversary proceeding. For the reasons that follow, a default judgment in the amount of $56,615.00 shall enter against the defendant, Bryan R. Bahre ("Bahre") pursuant to Fed.R.Bankr.P. 7055 and Fed.R.Civ.P. 55.

Jurisdiction and Standing

As this adversary proceeding is a "core proceeding" pursuant to 28 U.S.C. §157(b)(2)(E), (H), (O), this court has jurisdiction pursuant to 28 U.S.C. §1334(b) and may enter a final judgment. *See, Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1940, 191 L. Ed. 2d 911 (2015); *see also* D. Conn. Standing Administrative Order # 72 dated September 21, 1984 (Daly, C.J.). The Trustee has exclusive standing to assert claims belonging to the estate, including

claims brought pursuant to 11 U.S.C. §§ 549 and 550. *See, Ritchie Capital Mgmt., L.L.C. v. Gen. Elec. Capital Corp.*, 121 F. Supp. 3d 321, 333 (S.D.N.Y. 2015), aff'd, 821 F.3d 349 (2d Cir. 2016); *Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 118 (2d Cir. 1991).

Background

In the lead bankruptcy case, In Re: Holmes & Bahre Paint & Body, Inc. *f/k/a* Holmes & Bahre Paint & Body Engineering, Inc., Case No. 15-21045 (AMN), the Trustee filed a motion on December 1, 2015, pursuant to 11 U.S.C. §543, seeking turnover of property of the estate: one (1) 2010 Chevrolet Equinox (the "Vehicle") that was then in Bahre's possession. ECF No. 43.[1] The Trustee alleged Bahre had retained the Vehicle despite the Trustee's demands that it be turned over. *Id.* Bahre filed a *pro se* response on December 22, 2015, claiming that the Vehicle was not property of the estate, but rather was compensation owed for his work for the Debtor in 2007, 2008, and 2009, including work he had performed with his own truck. ECF No. 52. He also stated he and his wife had paid off a $3,840 outstanding lien on the vehicle held by Bank of America. *Id.* Bahre failed to attend a January 15, 2016 hearing on the motion at the scheduled time, therefore the court initially granted the motion for turnover. ECF No. 57. Later the same day, Bahre appeared without counsel. ECF No. 58. The court ruled it would allow him to address the court and would then decide whether to reconsider its ruling. *Id*, 00:00:29.[2] Bahre stated, without being sworn,[3] that the Vehicle was given to him and he was in the process of acquiring paperwork from Bank of America that would show that he had paid off the lien on the Vehicle. *Id*., 00:01:50–00:02:25. He also added that his wife's car was used as a trade-in for the

---

[1] References to the court's docket entries in the main chapter 7 bankruptcy case, case number 15-21045 (AMN), are styled, "ECF No.___." References to the docket entries in this adversary proceeding, number 16-2023 (AMN), are styled "AP-ECF No.___."

[2] All timestamps indicate the hours minutes and seconds (00:00:00) for the .mp3 file publicly available at the referenced ECF No. as played on VLC Media Player.

[3] The Trustee informed the court that the Trustee had made a criminal referral regarding the matter, and the court informed Bahre of risks inherent in making statements in a recorded court hearing with the potential that criminal charges might be brought. ECF No. 58, 00:03:50–00:06:20.

Vehicle and that the title was signed over into his name. *Id.*, 00:02:25–00:03:05. The court instructed Bahre to obtain whatever documentation he could, to file a copy of the title with the court, and to discuss the matter with the Trustee. *Id.*, 00:06:30–00:10:45. It then vacated its earlier decision granting the motion and set a continued hearing date for January 27, 2016. *Id.*, 00:11:00–00:11:45.

At the January 27, 2016 hearing Bahre stated that his father, the principal of the Debtor, had said he would give the car to Bahre, but it would stay in the Debtor's name initially. ECF No. 64, 00:01:10–00:01:30. Bahre then stated that subsequently, he and his wife paid off the Bank of America lien using money she had saved, and his father instructed him to put the Vehicle in Bahre's name, which Bahre then did. *Id.*, 00:01:30–00:02:00. The Trustee stated he believed the transfer of the title had occurred post-petition, but there was significant uncertainty regarding whether the transfer was valid, therefore he believed the estate and Bahre could settle the matter for $1,000.00. *Id*, 00:02:25–0:03:30. The court confirmed Bahre was also interested in settling the dispute and then marked off the motion for turnover with the Trustee's consent so that the Trustee could determine whether to proceed with a sale or a Fed.R.Bankr.P. 9019 compromise. *Id.*, 00:03:40–00:04:20.

<u>The Complaint</u>

Despite the apparently semi-amicable conclusion of the January 27, 2016 hearing, the Trustee brought this adversary proceeding against Bahre via a complaint and summons on March 21, 2016, to recover the Vehicle as well as Funds totaling $51,143 (defined below). AP-ECF No. 1. In an Amended Complaint filed on April 1, 2016, under consideration here, the Trustee alleges the Debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code on June 12, 2015. AP-ECF No. 3, p. 1. In its petition and schedules, the Debtor disclosed its ownership of $92,312.77 held in an account at the Simsbury Bank & Trust Company *a/k/a*

Simsbury Bank, a state-chartered lending institution, owned by SBT Bancorp, Inc. *Id*., 2. Bahre, a former employee of the Debtor, withdrew $3,100 from the Debtor's accounts on June 15, 2016 (the "First Transfer"), and $48,043 on June 16, 2015 (the "Second Transfer") (collectively the "Funds"), both without the Trustee's knowledge or approval. *Id*., 2, 5. The Debtor received no value for these transactions. *Id*., 2. The Debtor's estate also included the Vehicle. *Id*., 5. Bahre was in possession of the Vehicle and retained it despite the Trustee's demands to turn it over for sale. *Id*., 5. Bahre retitled the Vehicle into his name without the consent of the Trustee or the approval of the court ("Vehicle Transfer"). *Id*., 5.

Based on these allegations, the Trustee sought relief in ten counts. Regarding the Funds, the Trustee made claims for avoidance of unauthorized post-petition transfer pursuant to 11 U.S.C. §§549(a) and 550(a) ("Count 1"), theft pursuant to Conn. Gen. Stat. §§53a-119 (1) and (8) ("Count 2"), conversion ("Count 3"), unjust enrichment ("Count 4"), and violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), pursuant to Conn. Gen. Stat. §42-110a *et seq.* ("Count 5"). *Id*., 2–4. Regarding the Automobile Transfer, he also made claims for avoidance of unauthorized post-petition transfer pursuant to §§549(a) and §550(a) ("Count 6"), theft pursuant to §53a-119(1) and (8) ("Count 7"), conversion ("Count 8"), unjust enrichment ("Count 9"), and violation of CUTPA, pursuant to §42-110a, *et seq.* ("Count 10"). *Id.*, 5–7.

Entry of Default and Request for Default Judgment

On April 27, 2016, the Trustee moved pursuant to Fed.R.Bankr.P. 7055 and Fed.R.Civ.P. 55[4] for default for failure to plead within 30 days after issuance of the summons pursuant to

---

[4] Fed.R.Bankr.P. 7055 provides that "Rule 55 Fed.R.Civ.P. applies in adversary proceedings."
Fed.R.Civ.P. 55 provides in pertinent part: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default. . . .
"(b) Entering a Default Judgment.
. . . (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has

Fed.R.Bankr.P. 7012.  AP-ECF No. 5.  The clerk entered a default on April 29, 2016.  AP-ECF No. 6.  On May 18, 2016, the Trustee moved for default judgment pursuant to Fed.R.Bankr.P. 7055 and Fed.R.Civ.P. 55.  AP-ECF No. 8, p. 1.  The motion sought judgment "in the amount of $169,845.00, which represents treble damages of $3,100.00 (First Transfer), $48,043.00 (Second Transfer) and $5,472.00 (value of the Chevrolet Equinox after deduction of secured claims), against the defendant, Bryan R. Bahre . . . ."  *Id.*

### Evidence Presented

The Trustee submitted an affidavit (the "Affidavit") with the request for default judgment, in which he reiterated the factual basis for the complaint, and concluded by averring that the Transfers were unauthorized and that he was entitled to avoid the Transfers pursuant to 11 U.S.C. §549(a), and to recover the Transfers pursuant to §550(a).  *Id.*, p. 2–6.  The Trustee also attached banking records from Simsbury Bank, copies of checks drawn from the Debtor's account and payable to Bahre, multiple letters to Bahre requesting delivery of the vehicle, and a letter stating the Trustee and Bahre had come to an agreement regarding sale of the vehicle.  *Id.*, p. 6–18.  The record reflects the summons and amended complaint were served on Bahre at his address of record by United States Mail on April 1, 2016.  AP-ECF No. 4, 5.  Similarly, the motion for default and motion for default judgment were each served on Bahre by United States Mail on April 27, 2016 and May 18, 2016.  ECF Nos. 5, 8.

On July 7, 2016, the Trustee testified under oath regarding his determination that the Funds had been withdrawn from the Debtor's accounts following the filing of the petition,

---

appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
    "(A) conduct an accounting;
    "(B) determine the amount of damages;
    "(C) establish the truth of any allegation by evidence; or
    "(D) investigate any other matter."

describing his encounters with Bahre, and authenticating the checks he had previously submitted as attachments to his motion for default judgment. AP-ECF No. 16, 00:04:00–00:09:00. He testified Bahre had stated that he would pay the Funds back, had not stated the Funds were his, and had not stated he contested that the estate had the right to the Funds. *Id*., 00:09:00–00:11:00. The Trustee further testified Bahre did not return the Funds. *Id*., 0:10:55. Regarding the vehicle, the Trustee testified he had discussed Bahre purchasing the vehicle from the estate. *Id*., 0:13:10–0:13:50. Bahre did not do so, and subsequently the Trustee filed the motion for turnover. *Id*., 0:13:50–0:15:15. Bahre did not pay the $1,000.00 the parties had agreed to at the January 27, 2016 hearing. *Id*., 0:15:00–0:16:00. The Trustee stated he was unsure whether Bahre had withdrawn the Funds knowing they were not his. *Id*., 00:16:00–00:17:30. The Trustee did state he made demand on Bahre to return the Funds, and Bahre stated he would repay the Funds and pay for the vehicle after he sold his house or liquidated his retirement account, but Bahre failed to pay the Trustee. *Id*., 00:09:00–00:11:00, 00:18:00–00:18:45. The Trustee maintained he had proven sufficient facts to show failure to return the funds and retention of stolen property such that treble damages were warranted under the Connecticut theft statutes. *Id*., 00:19:00–00:19:30.

## Discussion

Fed.R.Civ.P. 55(b), rendered applicable in a bankruptcy proceeding by Fed.R.Bankr.P. 7055(b)(2), provides in pertinent part that the party moving for a default judgment, "must apply to the court for a default judgment. . . . The court may conduct hearings . . . when, to enter or effectuate judgment, it needs to: . . . (C) establish the truth of any allegation by evidence . . . ."

While a defendant who defaults admits all well-pleaded factual allegations, legal conclusions, with no specific factual allegations, are insufficient to support a default judgment. *Taizhou Zhongneng Imp. & Exp. Co., Ltd v. Koutsobinas*, 509 F. App'x 54, 57 (2d Cir. 2013);

*see also City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* §2688, at 45 (3d ed.2016). Not only are trial courts required to enter default judgment based on well-pleaded factual allegations rather than legal conclusions, "[t]he decision whether to enter default judgment is committed to the [trial] court's discretion . . . as is the decision whether to conduct a hearing before deciding the default judgment motion . . . ." *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 (2d Cir. 2015) *(internal citations omitted).*

"In permitting, but not requiring, a [trial] court to conduct a hearing before ruling on a default judgment, Rule 55(b) commits this decision to the sound discretion of the [trial] court." *Finkel v. Romanowicz*, 577 F.3d 79, 87 (2d Cir. 2009). A number of courts have required a movant present competent evidence to establish a *prima facie* case for the relief sought in the complaint—here AP-ECF No. 3, an amended complaint—before entering a default judgment. *See*, *In re Day*, No. 14-30950 (JAM), 2016 WL 2893681, at *1 (Bankr. D. Conn. May 12, 2016) (*Manning, J.*); *In re Bostick*, 400 B.R. 348, 355 (Bankr. D. Conn. 2009) (*Weil, J.*); *In re Zimmermann,* No. 07-20889, 2008 WL 161367, at *2 (Bankr. D. Conn. Jan. 15, 2008)) (*Krechevsky, J.*); *Pfeiffer v. Wulster*, No. 09-13388 MBK, 2011 WL 1045355, at *5 (Bankr. D.N.J. Mar. 17, 2011), *aff'd sub nom. In re Wulster*, No. ADV 09-2015 MBK, 2012 WL 589564 (D.N.J. Feb. 22, 2012); *In re Mankins*, No. 08-18906, 2009 WL 1616012, at *2 (Bankr. N.D. Ohio June 5, 2009), *Valley Oak Credit Union v. Villegas* (*In re Villegas*), 132 B.R. 742, 746 (9th Cir.B.A.P.1991); *see also Oceanic Trading Corp. v. Vessel Diana*, 423 F.2d 1, 4 (2d Cir.1970) (assessing reliability of evidence offered in support of default judgment); 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* §2688, at 45 (3d ed.2016) ("the court, in its discretion, may require some proof of the facts that must be

established in order to determine liability"). In determining whether a default judgment should enter on each count of the amended complaint, the court will consider whether the factual allegations of the complaint are sufficient to support a judgment, and whether the evidence presented demonstrates a *prima facie* case for the relief sought.

Counts 1 and 6: Avoidance of Unauthorized Post-Petition
Transfers Pursuant to 11 U.S.C. §549(a) and 11 U.S.C. §550(a)

The Trustee in Count 1 and Count 6 of the amended complaint, seeks avoidance of unauthorized post-petition transfers pursuant to 11 U.S.C. §§549(a) and 550(a).

Section 549(a) provides in pertinent part:

> "[T]he trustee may avoid a transfer of property of the estate—
>
> (1) that occurs after the commencement of the case; and
> (2) (A) that is authorized only under section 303(f) or 542(c) of this title; or
>     (B) that is not authorized under this title or by the court."

Section 550(a), in turn, provides in pertinent part:

> "[T]o the extent that a transfer is avoided under section . . . 549 . . . of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—
> (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
> (2) any immediate or mediate transferee of such initial transferee."

The specific factual allegations described above, when taken as true, demonstrate the Trustee is entitled to relief pursuant to 11 U.S.C. §§549 and 550 on these two counts. The court, having also ordered the Trustee to demonstrate the evidentiary basis for his allegations, finds the evidence on these counts to be uncontroverted and the witness to be credible.

*Findings of Fact Regarding Count 1 and Count 6*

Based on the evidence and testimony presented, the court finds that after the petition date of June 12, 2015, the defendant, Brian R. Bahre, transferred property of the bankruptcy estate of

Holmes & Bahre Paint & Body, Inc. without authorization, including: (1) $51,143.00 from the Debtor's bank account; and (2) possession of a 2010 Chevrolet Equinox automobile. Further, once informed of the unauthorized nature of the transfers, Bahre failed to "deliver to the trustee any property of the debtor held by or transferred to . . ." Bahre. 11 U.S.C. §543(b).

*Conclusions of Law Regarding Count 1 and Count 6*

Based on this record, the court concludes the Trustee is entitled to a default judgment pursuant to Fed.R.Bankr.P. §7055 and Fed.R.Civ.P. §55 as to the First and Sixth Counts of the Amended Complaint because the Trustee has established a *prima facie* case pursuant to 11 U.S.C. §549(a) for avoidance of unauthorized post-petition transfers. Further, the court concludes the defendant Bryan Bahre is liable to the Debtor's bankruptcy estate for the value of the transferred property—including the Funds and the Vehicle—pursuant to 11 U.S.C. §550(a).

Counts 2 and 7: Statutory Theft

The Trustee also alleges statutory theft pursuant to Conn. Gen. Stat. §§53a-119(1) and (8) in Count 2 and Count 7. Section 52-564 provides that "[a]ny person who steals any property of another, or knowingly receives and conceals stolen property, shall pay the owner treble his damages." Conn. Gen. Stat. 52-564. "[S]tatutory theft under §52-564 is synonymous with [the crime of] larceny as defined in General Statutes §53a-119." (Internal quotation marks omitted.) *Mystic Color Lab, Inc. v. Auctions Worldwide, LLC*, 284 Conn. 408, 418 n.14, 934 A.2d 227 (2007). Section 53a-119 provides in pertinent part:

> "A person commits larceny when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or withholds such property from an owner. Larceny includes, but is not limited to:
>
> > (1) Embezzlement. A person commits embezzlement when he wrongfully appropriates to himself or to another property of another in his care or custody . . . .
> >
> > (8) Receiving stolen property. A person is guilty of larceny by receiving

> stolen property if he receives, retains, or disposes of stolen property knowing that it has probably been stolen or believing that it has probably been stolen, unless the property is received, retained or disposed of with purpose to restore it to the owner."

Conn. Gen. Stat. §53a-119.

"[S]tatutory theft requires an intent to deprive another of his property . . . ." *Deming v. Nationwide Mut. Ins. Co.*, 279 Conn. 745, 771, 905 A.2d 623 (2006). Whether a defendant had the requisite intent is a question of fact determined predominantly by inferences from the defendant's verbal or physical conduct and the surrounding circumstances, because direct evidence of the accused's state of mind is rarely available. *Valencis v. Nyberg,* 160 Conn. App. 777, 793, 125 A.3d 1026 (2015). "[W]hether a defendant was acting under a claim of right when faced with a claim for statutory theft" is significant. *Hosp. of Cent. Connecticut v. Neurosurgical Associates, P.C.*, 139 Conn. App. 778, 792, 57 A.3d 794 (2012). Where a defendant is acting under a claim of right and did not intend to deprive the plaintiff of property, it is plain error for a court to apply §52-564. *Id.*; see also *Kite v. Pascale*, No. 3:07-CV-0513 AWT, 2015 WL 1485022, at *14 (D. Conn. Mar. 31, 2015). This is true even if the court determines that the property is not the defendant's property; the question is what the defendant's subjective intent was at the relevant time. *Id.*

The Trustee's allegations in Count 2 and Count 7 are legal conclusions rather than well-pleaded factual allegations; therefore, a default judgment cannot enter based on these allegations alone. For this reason, coupled with the significance of a finding Bahre had committed statutory theft, the court ordered the Trustee to make an evidentiary showing.

*Findings of Fact Regarding Count 2 and Count 7*

While the Trustee's affidavit states the Funds are property of the estate that Bahre withdrew without authorization and has retained, the affidavit and the Trustee's testimony fail to

provide facts to support the conclusion that Bahre knew at the time of the transfer the transfer was unauthorized. The uncontroverted evidence supports the conclusion Bahre was later notified of the requirement to turn over the Funds and he has not done so. It also reflects that Bahre stated to the Trustee that he hoped to sell his house or liquidate his retirement account in order to return the Funds.

*Conclusions of Law Regarding Count 2 and Count 7*

The court concludes the evidence presented by the Trustee is insufficient to demonstrate Bahre's intent to commit larceny by embezzlement pursuant to §53a-119(1). As stated above, evidence that Bahre knew at the time of the transfer that the transfer was unauthorized is entirely lacking.

The court also concludes that the evidence presented by the Trustee is insufficient to make out a *prima facie* case for Bahre's intent to commit larceny by retaining stolen property pursuant to §53a-119(8). Regarding the Vehicle, Bahre's interest in settling the claim regarding the Vehicle for $1,000.00 was not a concession that he did not have the right to possess the vehicle. Regarding the Funds, even if Bahre acknowledged to the Trustee that the Funds were not his, the court has no information regarding whether Bahre then made a decision not to return them. Bahre's statement to the Trustee that he hoped to sell his house or liquidate his retirement account in order to return the Funds demonstrates just the opposite.

Based on the foregoing, the court concludes the Trustee failed to demonstrate the requisite "intent to deprive another of property or to appropriate the same to himself" to justify entry of default judgment on the Second and Seventh Counts, that allege Statutory Theft pursuant to Conn. Gen. Stat. §52-564 by larceny as defined in Conn. Gen. Stat. §§53a-119(1) and (8).

Remaining Counts

As to the Third, Fourth, Fifth, Eighth, Ninth, and Tenth Counts, the Trustee's affidavit and evidentiary showing make no reference to the specific requirements of these counts. See AP-ECF No. 8, 16. These counts allege conversion, unjust enrichment, and violation of the Connecticut Unfair Trade Practices Act as to misappropriation of the Funds and of the Vehicle. The Trustee did not present evidence for any relief aside from the recovery of the value of the estate's property and treble damages. See ECF Nos. 3, 8. The court therefore will not grant the motion for default judgment as to these counts.

Conclusion

As to the First and Sixth count, the motion for default judgment is granted and judgment will enter for the Trustee.

As to the Second, Third, Fourth, Fifth, Seventh, Eighth, Ninth, and Tenth counts, the motion is denied. Judgment will enter for Bahre in thirty (30) days as to those counts if the Trustee does not submit further evidence or otherwise indicate his intent to pursue this action further.

The court further concludes the Trustee is entitled to damages as follows:

As to the First Count, Avoidance of Unauthorized Post-Petition Transfer pursuant to 11 U.S.C. §549 (a) and 11 U.S.C. §550 (a), the amount of $51,143.00; and

As to the Sixth Count, Avoidance of Unauthorized Post-Petition Transfer pursuant to 11 U.S.C. §549 (a) and 11 U.S.C. §550 (a), the amount of $5,472.00 (Chevrolet Equinox value after deduction of secured claim).

Dated at Hartford, Connecticut on September 1, 2016.



Ann M. Nevins
United States Bankruptcy Judge
District of Connecticut